JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant David McCoy was convicted of seven counts of nonsupport of dependants, felonies of the fifth degree. The trial court sentenced McCoy to nine months' incarceration on each count. The trial court ordered the sentences for counts one and two to be served consecutively. All the remaining sentences were otherwise to be served concurrently, for a total of eighteen months' incarceration. The trial court did not complete a sentencing worksheet. Further, the court did not state its reasons for, or make findings regarding, the sentences imposed upon McCoy.
McCoy's sole assignment of error, which alleges that the trial court erred in imposing prison terms for fifth-degree felonies without making the requisite findings pursuant to R.C. 2929.13(B), and in ordering the sentences imposed on counts one and two to be served consecutively without making the requisite findings pursuant to R.C. 2929.14(E)(4), is sustained.
In order to determine the appropriate sentence to impose for a fifth-degree felony, the trial court must follow the procedures set forth in R.C. 2929.13(B). State v. Howard (Sept. 11, 1998), Hamilton App. No. C-971049, unreported. When sentencing an offender for a felony of the fifth degree, the trial court must determine the applicability of the factors set forth in R.C.2929.13(B)(1), which relate to the appropriateness of imprisonment, and it must also consider the factors set forth in R.C. 2929.12(B) and (C), which relate to the "seriousness" of the offender's conduct, and the factors set forth in R.C. 2929.12(D) and (E), regarding the offender's likelihood of recidivism. SeeState v. Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported. The court must impose a term of imprisonment if it finds that any one of the R.C. 2929.13(B)(1) imprisonment factors is applicable, and if it finds, upon consideration of the R.C.2929.12 seriousness and recidivism factors, that the offender is not amenable to community control and that imprisonment is consistent with the R.C. 2929.11 sentencing purposes and principles. Id.; see R.C. 2929.13(B)(2)(a).
The trial court made no findings to satisfy the R.C. 2929.13(B) requirements for imposing prison terms upon McCoy for fifth-degree felonies. We hold that the trial court erred in sentencing McCoy to a term of imprisonment for felonies of the fifth degree without making the findings required by R.C. Chapter 2929. See State v.Johnson (Feb. 4, 2000), Hamilton App. No. C-990082, unreported;State v. Smith, supra. Therefore, the case must be remanded so that the trial court may consider the required sentencing factors and make the appropriate findings pursuant to R.C. Chapter 2929 for the imposition of imprisonment for fifth-degree felonies.
The record also fails to support the trial court's imposition of consecutive sentences. Pursuant to R.C. 2929.14(E)(4), the trial court may impose consecutive sentences where it finds that consecutive sentences are necessary to protect the public and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. The court must also find that the offender was awaiting trial or sentence under a community-control sanction or under post-release control after imprisonment, that the harm caused by the offender was so great or unusual that a single term would not satisfy the seriousness factor, or that the offender's criminal history indicates a need to protect the public. See State v. Johnson (Oct. 23, 1998), Hamilton App. Nos. C-980013 and C-980014, unreported; State v.Howard, supra. None of these factors applies here. Therefore, the trial court's imposition of consecutive sentences was contrary to law. Id.
Therefore, we vacate the sentences imposed upon McCoy and remand this case to the trial court for resentencing in accordance with this Judgment Entry and the dictates of R.C. Chapter 2929.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 __________ Doan, P.J.
Painter and Sundermann, JJ.